UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cedric Greene, | Case No. 2:15-cv-00523-RFB-NJK |
| Plaintiff, | ORDER DENYING MOTION TO STRIKE |
| v. | |
| Logisticare Solutions, LLC, | |
| Defendant. | |

**I.   Background**

On March 23, 2105, Plaintiff Cedric Greene filed an Application to Proceed *in forma pauperis* and Complaint. ECF No. 1. On March 24, Magistrate Judge Koppe denied without prejudice the Application. ECF No. 2. On April 8, Greene filed a second Application to Proceed *in forma pauperis*. ECF No. 3. On April 10, Judge Koppe granted the Application, screened the complaint, and recommended this Court dismiss the Complaint, without prejudice, because of improper venue. ECF No. 4.

On April 14, 2015, Defendant Logisticare Solutions, LLC ("Logisticare") filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. ECF No. 6. On April 23, Greene both objected to Judge Koppe's Report and Recommendation, filed as ECF No. 9, and moved to strike Logisticare's motion to dismiss, filed as ECF No. 10.

The Court presently considers Greene's Motion to Strike, ECF No. 10, and, for the reasons discussed below, denies the motion.

**II.   Legal Standard**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  Further, district courts have inherent power to control their own dockets, including the power "to determine what appears in the court's records" and to strike items from the docket to address conduct that is improper but does not warrant dismissal. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-05 (9th Cir. 2010).

Motions to strike are disfavored and infrequently granted.

### III. Discussion

Here, Greene argues

> Rule 12a(l) and (2) has guidelines in which the Defense must submit its legal papers. The Defense does not comply with the rules in the submitting of its legal papers and therefore, we would ask that the Court strike its motion to the Plaintiffs legal filing of his complaint against Logisticare Solutions, LLC.

Motion to Strike 2:4–7, ECF No. 10.  Federal Rules of Civil Procedure 12(a)(1) and 12(a)(2) establish limits for when a defendant may file an answer.  Commonly, a defendant must answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i), though longer times may apply in if service has been waived, Fed. R. Civ. P. 12(a)(1)(A)(ii), or if certain government-related parties are being sued, Fed. R. Civ. P. 12(a)(2).

Here, there is no evidence of service on the record, and in fact proof of service is not due until August 8, 2015.  However, the Complaint was filed on April 10, 2015 and the Motion to Dismiss was filed four days later on April 14.  There is no evidence Logisticare has failed to comply with Federal Rules of Civil Procedure 12(a)(1) or 12(a)(2) nor is there any evidence of redundant, immaterial, impertinent, or scandalous matter.

Accordingly, Greene's Motion to Strike is denied.  Greene will have two weeks from the issuance of this order to file a response to Logisticare's Motion to Dismiss.

. . .

. . .

. . .

. . .

. . .

**IV.     Conclusion**

For the reasons given above, IT IS ORDERED that Greene's Motion to Strike, ECF No. 10, is DENIED.

IT IS FURTHER ORDERED that Greene must file by May 21, 2015, a response to Logisticare's Motion to Dismiss, ECF No. 6.

Dated: May 7, 2015.

_____
RICHARD F. BOULWARE, II
United States District Court