1
2
3
4                            UNITED STATES DISTRICT COURT
5                                 DISTRICT OF NEVADA
6                                        * * *
7    Cedric Greene,                             Case No. 2:15-cv-00523-RFB-NJK
8                              Plaintiff,        ORDER ADOPTING REPORT AND
9          v.                                         RECOMMENDATION
10   Logisticare Solutions, LLC,
11                             Defendant.
12
13         Before this Court are a Report and Recommendation, ECF No. 4, and a Motion to Dismiss,
14   ECF No. 6.  As discussed below, the Report and Recommendation is adopted and the Motion to
15   Dismiss is denied as moot.
16
17   I.     Background
18         On March 23, 2015, Plaintiff Cedric Greene filed an Application for Leave to Proceed *in*
19   *Forma Pauperis*.  ECF No. 1.  Magistrate Judge Koppe denied the Application without prejudice.
20   ECF No 2.  On April 8, Greene filed a second Application.  ECF No. 3.
21         On April 10, 2015, Judge Koppe granted the second Application and screened Greene's
22   Complaint, pursuant to 28 U.S.C. 1915(e).  ECF No. 4.  Upon screening the complaint, Judge
23   Koppe recommended this Court dismiss the action without prejudice because of improper venue.
24   Id. at 3:16, 4:5–7.  On April 23, Greene objected.  ECF No. 9.
25         On April 14, 2015, Defendant Logisticare Solutions, LLC ("Logisticare") moved to
26   dismiss for failure to state a claim upon which relief can be granted, "should the Court fail to
27   dismiss Plaintiff's motion on the grounds of improper venue."  Mot. to Dismiss 5:14–19, ECF No.
28   6.  Greene moved to strike the motion to dismiss.  ECF No. 10.  The Court denied Greene's Motion

1    to Strike and ordered Greene file a response by May 21, 2015.  No response was filed.

2        On May 18, 2015, Greene filed a Motion for Disclosure of Discovery, which Judge Koppe

3    denied.  ECF Nos. 15, 16.

4

5    **II.    Report and Recommendation**

6        **A.    Legal Standard**

7        A district court "may accept, reject, or modify, in whole or in part, the findings or

8    recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific

9    written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. §

10   636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

11   required to "make a de novo determination of those portions of the report or specified proposed

12   findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> Local

13   Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct

14   "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge.

15   <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985).

16       **B.    Discussion**

17       Here, Greene timely objected to the Report and Recommendation.  Accordingly, the Court

18   reviews the *de novo* the portions to which Greene has objected.   Greene objects to the

19   Recommendation's finding that venue is improper.

20       28 U.S.C. § 1391(b) establishes by statute three general situations in which venue is

21   appropriate.  First, if all defendants are residents of the state in which the district is located, venue

22   is proper in a district in which any defendant resides.  28 U.S.C. § 1391(b)(1).  Alternatively, venue

23   is proper in a district in which a "substantial part of the events or omissions" giving rise to the

24   claim occurred, or in which a "substantial part of property" that is the subject of the action is

25   situated.  28 U.S.C. § 1391(b)(2).  Finally, if there is no district in which venue proper based on

26   residence or location of events or omissions, venue is proper where any defendant is subject to the

27   court's personal jurisdiction.  28 U.S.C. § 1391(b)(3).  "The district court of a district in which is

28   filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

1    justice, transfer such case to any district or division in which it could have been brought."  28

2    U.S.C. § 1406(a).  A district court has authority to raise the issue of defective venue *sua sponte*.

3    <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986).

4          Here, Greene's Complaint alleges that Logisticare was negligent in providing care.  Compl.

5    1:26–2:2.  The allegedly negligent care involves transport from Greene's home for doctor

6    appointments.  <u>Id.</u> at 2:10–12.  While the Complaint does not allege where this transport occurred,

7    Greene's address at the top of the Complaint indicates he is in Los Angeles, California.  <u>Id.</u> at 1:2.

8    Because the medical transport issues involve the services of cab companies, <u>id.</u> at 2:19–28, it

9    appears from the Complaint that the transportation at issue is local in nature.  Based on Complaint,

10   it thus appears that both the plaintiff and the "events or omissions" giving rise to the claim occurred

11   outside Nevada.  Accordingly, based on the Complaint, venue is not proper under 28 U.S.C. §

12   1391(b)(2).

13         Furthermore, the Complaint includes no allegations whatsoever regarding Logisticare's

14   residence and thus fails to establish venue under 28 U.S.C. § 1391(b)(1).  Therefore, the Complaint

15   fails to establish that venue is proper.

16         In his Objection, Greene does not appear to dispute that impropriety of venue.  Obj. 2:11,

17   ECF No. 9.  Rather, Greene requests "that this Court grant him the permission to litigate this case

18   in its current venue as a 'special circumstance matter.'"  <u>Id.</u> at 2:14–15.  This the Court cannot do.

19   Greene cites no authority, and the Court is aware of no authority, supporting the proposition that

20   this Court can disregard 28 U.S.C. § 1406(a), which states the district court *shall* dismiss or transfer

21   a case brought in an improper venue.  <u>But cf.</u> <u>Au-Yang v. Citibank, N.A.</u>, 872 F.2d 426 (9th Cir.

22   1989) (holding that the selection *between options* of dismissal and transfer for improper venue is

23   a matter of discretion).

24         Greene's Objection describes the difficulty he has in filing in California courts.  Objection

25   2, ECF No. 9.  Greene further disputes the validity of his "vexatious" label in certain California

26   courts, <u>id.</u> at 2:27–3:4, which is a matter raised in the Report and Recommendation, 2:7–22, ECF

27   No. 4.  While the Court understands Greene may face challenges in other courts, such challenges

28   and labels as "vexatious" in California are simply not relevant to this Court's evaluation of whether

venue is proper *here*.  As required by federal statute, for purposes of venue this Court must determine whether this case is related to Nevada in certain specific ways.  <u>See</u> 28 U.S.C. § 1391(b). Here, for the reasons already described, the Court concludes that the Complaint fails to establish that venue is appropriate in the District of Nevada.

Accordingly, the Court adopts the Report and Recommendation and Greene's Complaint is dismissed, without prejudice.  Greene shall have thirty days to file an amended complaint that properly establishes venue in the District of Nevada.

**III.     Motion to Dismiss**

Because the Court has adopted the Report and Recommendation, Logisticare's Motion to Dismiss is denied as moot.  Logisticare may re-raise appropriate arguments in response to a future amended complaint.

**IV.     Conclusion**

For the reasons discussed above, IT IS ORDERED that Report and Recommendation, ECF No. 4, is ADOPTED.

IT IS FURTHER ORDERED that Complaint, ECF No. 5, is DISMISSED without prejudice.  Greene shall have until August 7, 2015 to file an amended complaint.

IT IS FURTHER ORDERED that Motion to Dismiss, ECF No. 6, is DENIED without prejudice.

Dated: July 8, 2015.

Richard F. Boulware II
United States District Court