UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CEDRIC GREENE,<br><br>    Plaintiff,<br><br>    v.<br><br>LOGISTICARE SOLUTIONS LLC.,<br><br>    Defendant. | Case No. 2:15-cv-00523-RFB-NJK<br><br>**ORDER**<br><br>Defendant's Motion to Dismiss<br>(ECF No. 20) |

## I.    INTRODUCTION

Before the Court is a Motion to Dismiss filed by the Defendant Logisticare Solutions LLC ("Defendant"). ECF No. 20. The Court has reviewed the parties' papers and for the reasons discussed below, the Defendant's Motion to Dismiss is granted.

## II.    BACKGROUND

Plaintiff Cedric Greene filed this Amended Complaint *pro se* on July 24, 2015, after this Court granted him 30 days leave to amend his Complaint to establish this Court as proper venue. ECF No. 18. In his Amended Complaint, Greene addressed venue but did not include any cause of action or facts interpreted liberally that could be inferred to constitute a cause of action. Id. The Court will briefly summarize Greene's allegations in chronological order.

Greene alleges in his Complaint that sometime before March 2015, the Defendant was responsible for transporting Greene to and from his home to his doctor's office. ECF No. 5 at 1-2. Greene alleges that on at least one occasion the Defendant sent a taxi service instead of a shuttle-van to transport Greene from his home to his doctor's office and failed to notify Greene that his pickup time had been changed. ECF No. 5 at 1-2. Greene alleges that as a result of the Defendant's utilization of a taxi service and poor communication Greene suffered deprivation or delay of his

medical care in violation of his rights under the Americans with Disabilities Act. ECF No 5 at 1-2.

Greene filed a Complaint and Motion for Leave to file in *forma pauperis* on March 23, 2015 in the United States District Court, which was denied without prejudice. ECF No. 1. Greene re-applied for leave to file his complaint *in forma pauperis* on April 8, 2015. ECF No. 2. Magistrate Judge Koppe approved Greene's second application to proceed *in forma pauperis*, at which time Judge Koppe reviewed Greene's Complaint and recommended that it be dismissed without prejudice. ECF No. 4 at 4. Defendant filed a motion to dismiss in response to Greene's complaint on April 14, 2015. ECF No. 6. On July 8, 2015, the Court adopted Judge Koppe's recommendation to dismiss Greene's Complaint and granted Greene 30 days to amend his Complaint to establish that venue is proper in this Court. ECF No. 17 at 4. On July 24, 2015 Greene filed an Amended Complaint (ECF No. 18) and the Defendant filed a Motion to Dismiss on August 13, 2015. ECF No. 20.

### III.   LEGAL STANDARD

**A.  Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted). In addition, documents filed by a plaintiff who is proceeding without counsel (as is the case here) must be liberally construed, and a *pro se* complaint must be "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citations and internal quotation marks omitted); see also Butler v. Long, 752 F.3d 1177, 1180 (9th Cir. 2014).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In elaborating on the pleading standard described in Twombly and Iqbal, the Ninth Circuit has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), the district court's review is limited to the complaint itself; the court does not decide at this stage whether the plaintiff will ultimately prevail on her claims, but rather whether he or she may offer evidence to support those claims. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B. Dismissal With Prejudice**

The district court has the power to dismiss a claim with prejudice if the Plaintiff fails to comply with the rules of pleading. Fed. R. Civ. P. 41(b); accord Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981). Dismissal with prejudice is appropriate when a plaintiff "fail[s] to obey a court order to file a short and plain statement of the claim as required by Rule 8[,]" McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996), or when a plaintiff's complaints are so incoherent or unintelligible as to make it "impossible to designate the cause or causes of action attempted to be alleged in the complaint." Schmidt v. Herrmann, 614 F.2d 1221, 1223 (9th Cir. 1980).

1  Additionally, when dismissing a claim with prejudice "[t]he district judge should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (citation and internal quotation marks omitted). Furthermore, in ruling on a dismissal with prejudice, a judge may consider the merit of the plaintiff's claims were they to make it to trial, as well as the burden of the pleadings on the litigants and the court. See Id. at 1179.

### IV. DISCUSSION

After reviewing the parties' arguments, the Court will grant the Defendant's Motion to Dismiss with prejudice because Greene has failed to establish the District Court of Nevada as the proper venue for this action and has repeatedly failed to state a claim for which this Court can grant relief. Defendant moved to dismiss Greene's claim under a theory of improper venue under Fed. R. Civ. P. 12(b)(3) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 6 at 3. The Court addresses each argument as it is raised with respect to each of Greene's claim.

**A. Venue**

The Court finds that in his Amended Complaint, Greene fails to establish that venue is proper in the District Court of Nevada. In order to establish proper venue, a litigant must show that the judicial district wherein they bring their action is: "**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

After reviewing Greene's Amended Complaint and his response to the Motion to Dismiss, the Court finds that Greene has not established that venue is proper in this district under any of the prongs of 28 U.S.C. § 1391(b). First, Greene has not established that the Defendant resides in the District of Nevada. Instead, he asserts that the Defendant is a resident of Fulton County, which

does not exist as a county in Nevada or California. Second, Greene's Amended Complaint, and all reasonable inferences taken from it, shows that all of the events giving rise to the current claim arose within Los Angeles, California. Third, Greene does not allege or provide evidence that the District of Nevada has personal jurisdiction over the Defendant with respect to the action in question.

The Court further finds that providing Mr. Greene with another opportunity to amend his complaint to establish proper venue here would be futile. "Although leave to amend should be given freely…a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).

Here, Mr. Greene has repeatedly failed to amend his complaint to support his assertion that the District Court of Nevada is the proper venue for his case. Even though the Court specifically directed Mr. Greene to amend his complaint to address the issue of venue, Mr. Greene's Amended Complaint instead contains statements that appear incoherent and frivolous, and that bear no relevance to the determination of whether this court is the proper venue for his claim. Accordingly, the Court finds based upon the information available to it that the District Court of Nevada is not the proper venue for Greene's complaint, and shall dismiss this case in accordance with 28 U.S.C. § 1406. Further, the Court finds that even if Greene had established proper venue in this district, his Amended Complaint must be dismissed for failure to state a claim.

**B. Greene's Cause of Action for Violations of the A.D.A.**

The Court finds that even if Greene had established proper venue in this district, his Amended Complaint must be dismissed for failure to state a claim. The ADA prohibits discrimination against a person based on their disability in employment (Title I), government programs or services (Title II), and public accommodations operated by private entities (Title III). 42 U.S.C. §§ 1211-12189. In order to prevail on an ADA Title III discrimination claim, the plaintiff must show that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was

denied public accommodations by the defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Greene claims that the Defendant negligently violated his ADA rights by failing to provide adequate, timely transportation to Greene's medical appointments. After reviewing the Amended Complaint, the Court finds that Greene has failed to state a claim under the ADA or any other cause of action. Greene does not allege any of the elements of a Title III ADA claim in his Amended Complaint. Greene does not allege that he is disabled within the meaning of the ADA, that the Defendant owns, operates, or leases a place of public accommodation, or that the Defendant denied him services or accommodations because of his disability. Rather, Greene alleges that the Defendant acted negligently. Negligence, however, is not sufficient to state a claim under the ADA, which requires that actions be taken "because of" one's disability. See Molski, 481 F.3d at 730.

Further, Greene has not stated a claim under any other Title of the ADA or any other cause of action in his Amended Complaint. Consequently, Greene has failed to state a claim on which relief may be granted.

**C.  This Case is Dismissed with Prejudice.**

Based upon the Court's review of the record, the Court dismisses Greene's claim with prejudice. In ruling on a complaint proceeding under *in forma pauperis* (as is the case here) "the court shall dismiss the case at any time if the court determines that the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (2)(B)(i, ii). "[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim[,]" however, this section does not preclude district courts from allowing the plaintiff leave to amend the complaint. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). "In determining whether a complaint should be dismissed for failure to state a claim under [Section 1915(e)] . . . [courts] apply the familiar standard of Federal Rule of Civil Procedure 12(b)(6)." Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015).

As discussed previously, Greene has failed to plead a cause of action on which this Court may grant relief, and the Court must dismiss the claim in accordance with 28 U.S.C. § 1915

(2)(B)(i, ii). Additionally, the Court finds Greene's filings to be so incoherent as to make dismissal with prejudice appropriate. See Schmidt, 614 F.2d at 1223. Although the Court has attempted to construe Greene's claims liberally, the Court finds it impossible to clearly identify the causes of action alleged. Throughout his filings with the Court, Greene makes a host of arguments and claims that are frivolous and legally irrelevant to any causes of action he may have. For example, Greene claims his case is analogous to professional basketball players coming out of retirement or remaining on contract with the Los Angeles Lakers, accuses the Los Angeles courts of "Scooby Doo" antics, and makes references to Inspector Gadget, Alvin and the Chipmunks, and Scooby snacks. The Court also finds that dismissal with prejudice is warranted after weighing the low potential merit of Greene's claims and the high burden on the litigants and the Court of continuing this action.

In addition, the Court has considered less drastic alternatives and finds that they would be futile. After the Magistrate Judge and this Court concurred that the complaint should be dismissed the Court still granted Greene 30 days to amend his Complaint. Despite the Court's Order identifying the ways in which Greene's Complaint was deficient and the response brief entered by the Defendant, which provided Greene with relevant law, Greene's Complaint remains incoherent and his arguments unintelligible. Therefore, this case will be dismissed with prejudice.

### V.   CONCLUSION

For the reasons stated on the record,

**IT IS ORDERED that Defendant Logisticare Inc.'s Motion to Dismiss (ECF No. 20) is GRANTED.**

**IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to judgment in favor of Defendant and close this case.**

DATED this 21st day of March, 2017.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**